"Executed and summoned in writing, Charles Haughton, as garnishee, the 4th day of August, 1798. Charles Roberts, Sheriff."
At September Term a judgment by default was taken against the defendant Cox. Charles Haughton, the garnishee, was called out on his garnishment, a conditional judgment entered against him, and an order made for a writ ofscire facias to issue, which accordingly issued, and a judgment final was taken against the garnishee, and a writ of inquiry awarded to ascertain the amount due on the note on which the suit was brought, and damages assessed at £ 572 10 5 — and 6d. costs.
At April Term, 1801, of Edenton Superior Court, Haughton, by his counsel, obtained a rule on Allen to show cause why a writ of error should not issue to remove the records and proceedings in the aforesaid suit, and the following points were made for the judgment of the Court:
1. Whether the writ of error issuing from the Superior Court is a writ of right to issue of course upon a compliance with the requisites of the act of the General Assembly in such case made and provided, or whether it can only issue upon the assignment of sufficient errors.
2. Whether a garnishee in a cause can take advantage of error (365) in the proceedings against him, by writ of error issuing from the Superior Court — and
3. Whether the writ of error issuing from the Superior Court is the proper remedy to correct errors in proceedings by attachment.
The errors intended to be relied upon for reversing the judgment were: (1) That the proceedings in the cause by attachment were not stayed according to the directions of the Act of Assembly. (2) That the said garnishee had never been summoned, or brought into court, as garnishee, according to due course of law. *Page 306 
The first question that arises in this case is whether a writ of error will lie for the plaintiff in error, who is a garnishee, to reverse a judgment obtained against himself. Whenever a new jurisdiction is erected by Act of Assembly, and the Court that exercises this jurisdiction acts as a court of record, according to the course of the common law, a writ of error lies on its judgment; but when it acts in a summary manner, or in a new course different from the common law, and in a manner peculiar to itself, then a writ of error will not lie; in this case the proper remedy is by certiorari. 1 Com. Rep., 80; 1 Ld. Raymd., 469; ibid., 6 Cow., 524. The county court, where the judgment was obtained against the plaintiff in error in this case, is a court of record, and it does not proceed in a summary manner in a course different from the Superior Courts, when it is said that a writ of error will not lie, except when the proceedings below have been according to the course of the common law. The reason is that the Superior Courts proceed according to the course of common law themselves, and when an inferior court proceeds in any other way, the Superior Courts cannot judge of their proceedings by comparing them with their own. In such a case acertiorari may issue to remove the proceedings, in order that the Superior Court may determine whether the inferior court has pursued its authority or not. But in the present case the same mode of proceeding is common to both courts; and on that ground I cannot see any reason why a (366) writ of error will not lie, as well in this case as in any other. But it is said that this writ will not lie for a garnishee, because he is neither party nor privy to the judgment. The authority relied upon is 2 Bac., 198, where it is said, if a judgment be given against B. and the money of C. attached by force of a foreign attachment in London, C. shall not have a writ of error, because he comes in by garnishment by the custom, and is neither party nor privy. The judgment here spoken of must be the judgment against B., not the one against C. This idea is strengthened from the analogy which this case bears to the case of bail; they cannot have a writ of error to reverse a judgment against their principal, but they may have it to reverse the judgment against themselves, because they are parties to it. So, in this case the garnishee is party to the judgment entered against him. It is objected that the effect of a reversal of the judgment against the garnishee will render the judgment against the defendant in the attachment a nullity, as there is no property or debt attached but that of the plaintiff in error. If that effect is to be ascribed to the true cause, that cause will be found in the irregularity of the proceedings of the plaintiff at law; and if that would be the effect, it will be an effect proceeding from himself. I think, therefore, a writ of error will lie for a garnishee to reverse a judgment *Page 307 
against himself. The next question to be considered in this case is whether a writ of error issuing from the Superior Court is a writ of right, to issue of course upon a compliance with the requisites of the act of the General Assembly, passed in 1777, ch. 2, sec. ______; or whether it is only to issue upon the assignment of sufficient errors. It is said for the plaintiff in error that a writ of error is a writ of right; 2 Salk., 504; but what is the legal substantial import of that expression? I think the security of the citizen under that writ would not be impaired or lessened by understanding it to mean that the party paying it shall have the proceedings in which error is assigned examined by the Superior Court. This, I take it, is the true substantial right and benefit claimed under that writ. County courts cannot correct errors in their own proceedings. When a writ of error is applied for, then it is a matter (367) of right to have it granted for that reason. In England it is frequently applied for, when it is a thing of course to grant it, and that for the same reason. 1 Richardson's Practice, 327; 1 Attorney's Practice, 378. But if application is made for the allowance of it to the same court that is empowered to correct the error, may not that court determine upon the merits of the errors assigned, upon a motion to allow a writ of error, as well as at any subsequent court, after the writ of error shall have been allowed? Our Act of Assembly requires that the errors shall be assigned before the writ shall be allowed, and that the opposite party shall have ten days previous notice of the application intended to be made for it. Why is this required, unless it is for the purpose of putting it in the power of the court to determine upon the merits of the errors assigned, and giving the opposite party an opportunity to oppose the allowance of a writ of error? In England, generally, the errors were not assigned till after the allowance of the writ; and then the plaintiff in error, had a scirefacias ad audiendum errores against the defendant. But in this case, if the matter assigned for error appeared to the court to be no error, nor color for error, it would not grant a scire facias ad audiendum errores. 2 Bac., 207, 6th edit., in a note. Surely, if the court is possessed of the merits of the case, it can determine as well upon them before as after the allowance of the writ of error. What is the consequence of the contrary practice — a party, without even the shadow of plausibility, may apply for a writ of error, and have it allowed, and thereby delay his creditor, although he has not the smallest prospect of succeeding in reversing the judgment. This is the inconvenience that, I think, the Legislature intended to guard against when, by the Act of 1777, ch. 2, they require that the errors shall be assigned, and the opposite party notified of the time when the writ of error will be moved for. It is said that the words of the act are that the Superior Courts "shall *Page 308 
have power and authority to grant writs of error," and that they have no discretion to exercise. When we view the whole section, and see (368) that errors must be assigned, and notice given the opposite party, etc., I am led to make a different conclusion, and think that the Superior Court has a power to refuse it. Other writs, it is said, are of right. Why? Because the merits of the plaintiff's pretensions to the thing for which the suit is brought cannot be judged of or determined upon by the person to whom the application is made for it; nor before the writ is returned, and the pleadings made up. I am therefore of opinion that when an application is made to the Superior Court for the allowance of a writ of error, that that Court has a power to refuse the allowing of it, in case the errors assigned appear to them to be insufficient. As I am alone in this opinion, it will be unnecessary to give any opinion respecting the sufficiency or insufficiency of the errors assigned upon the present motion, made for the allowance of a writ of error.